**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HORNBECK OFFSHORE SERVICES, INC., *et al.*,[1] | ) | Case No. 20-32679 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## Chapter 11 Fee Application Summary

| | | |
|---|---|---|
| **Name of Applicant:** | Jackson Walker LLP. | |
| **Applicant's Role in Case:** | Co-counsel and Conflicts to Debtors | |
| **Date Order of Employment Signed:** | 07/13/2020 [ECF No. 260] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 05/19/2020 | 06/19/2020 |
| **Time period(s) covered by prior Applications:** | N/A | N/A |
| **Total amounts awarded in all prior Applications:** | | N/A |
| **Total fees requested in this Application:** | | $61,482.00 |
| **Total professional fees requested in this Application:** | | $54,161.50 |
| **Total actual professional hours covered by this Application:** | | 92.6 |
| **Average hourly rate for professionals:** | | $584.90 |
| **Total paraprofessional fees requested in this Application:** | | $7,320.50 |
| **Total actual paraprofessional hours covered by this Application:** | | 40.9 |
| **Average hourly rate for paraprofessionals:** | | $178.99 |
| **Reimbursable expenses sought in this application:** | | $798.75 |
| **Total to be Paid to Priority Unsecured Creditors:** | | $5.0M |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | | 100% |

---

[1]     Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.stretto.com/hornbeck.  The location of the Debtors' service address is:  8 Greenway Plaza, Suite 1525, Houston, Texas 77046.

| | |
|---|---|
| **Total to be Paid to General Unsecured Creditors:** | $12.3M |
| **Anticipated % Dividend to General Unsecured Creditors:** | 100% |
| **Date of Confirmation Hearing:** | 06/19/2020 |
| | [ECF No. 221] |
| **Indicate whether plan has been confirmed:** | Yes |

26168217v.1 156926/00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HORNBECK OFFSHORE SERVICES, INC., *et al.*,[1] | ) | Case No. 20-32679 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JACKSON WALKER LLP'S FIRST AND FINAL
FEE APPLICATION FOR ALLOWANCE AND PAYMENT
OF FEES AND EXPENSES AS CO-COUNSEL TO THE DEBTORS
<u>FOR THE PERIOD FROM MAY 19, 2020 THROUGH JUNE 19, 2020</u>**

---

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSED THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1]   Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at <u>http://cases.stretto.com/hornbeck</u>.  The location of the Debtors' service address is:  8 Greenway Plaza, Suite 1525, Houston, Texas 77046.

26168217v.1 156926/00001

TO THE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

Jackson Walker LLP ("JW"), co-counsel and conflicts counsel to the debtors and debtors in possession (collectively, the "Debtors"), hereby submits its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From May 19, 2020 Through June 19, 2020* (the "Application") for allowance of compensation for professional services provided in the amount of $61,482.00 and reimbursement of actual and necessary expenses in the amount of $798.75 that JW incurred for the period from May 19, 2020 through June 19, 2020 (the "Application Period").  In support of this Application, JW respectfully states as follows:

## I.    JURISDICTION

1.    The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and in recognition of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

26168217v.1 156926/00001

## II.     RELIEF REQUESTED

4.     JW requests that the Court enter an order allowing JW's compensation for professional services rendered during the Application Period in the amount of $61,482.00 and reimbursement of actual and necessary expenses incurred by JW in the amount of $798.75.

## III.     PROCEDURAL BACKGROUND

5.     On May 19, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continued in possession of their property and management of their business as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  By order of this Court, these cases were jointly administered on May 19, 2020 [ECF No. 29].

6.     A description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors is provided in the *Declaration of James O. Harp, Jr., Executive Vice President and Chief Financial Officers of Hornbeck Offshore Services, Inc. in Support of the Chapter 11 Petitions and the First Day Motions* [ECF No. 4] (the "First Day Declaration").

7.     By order entered on June 25, 2020 (the "Retention Order") [ECF No. 260], the Court authorized the retention of JW as bankruptcy co-counsel and conflicts counsel to the Debtors.  A copy of the Retention Order is attached hereto as **Exhibit 1**.

## IV.     CASE STATUS SUMMARY

8.     During the Application Period, JW assisted the Debtors with the prosecution of their bankruptcy cases in this Court.  JW expended time and effort as co-counsel to the Debtors in these proceedings.  During the Application Period, JW provided legal advice and services regarding local rules, practices, and procedures affecting numerous issues in the Debtors' cases, including with respect to assisting with the following:

5

(a)     providing legal advice and services regarding local rules, practices, and procedures including Fifth Circuit law;

(b)     providing certain services in connection with administration of the chapter 11 cases, including, without limitation, preparing agendas, hearing notices, and hearing binders of documents and pleadings;

(c)     reviewing and commenting on proposed drafts of pleadings to be filed with the Court to endeavor to align same with local practice;

(d)     appearing in Court and meeting with the U.S. Trustee on behalf of the Debtors;

(e)     performing all other services assigned by the Debtors to the Firm as co-counsel and conflicts to the Debtors; and

(f)     providing legal advice and services on any matter that Kirkland & Ellis LLP may have a conflict with respect to the Debtors, or as needed based on specialization.

9.     Key steps completed in these cases during this Application Period include the following:

(a)     the entry of the following orders:

(i)     Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief [ECF No. 29];

(ii)     Order Granting Complex Chapter 11 Bankruptcy Case Treatment [ECF No. 30];

(iii)     Order (A) Authorizing the Retention and Appointment of Stretto as Claims, Noticing, and Solicitation Agent Effective as of May 19, 2020 and (B) Granting Related Relief [ECF No. 31];

(iv)     Order (A) Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (II) Continue Employee Benefits Programs and (B) Granting Related Relief [ECF No. 79];

(v)     Order (A)(I) Restating and Enforcing the Worldwide Automatic Stay, Anit-Discrimination Provisions, and *Ipso Facto* Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice and (B) Granting Related Relief [ECF No. 80];

(vi)     Order (A) Authorizing the Debtors to (I) Honor and Incur Obligations Under Customer Contracts and (II) Obtain New

Customer Contracts, and (B) Granting Related Relief [ECF No. 81];

(vii)     Order (A) Authorizing the Payment of Certain Prepetition Taxes and Fees and (B) Granting Related Relief [ECF No. 82];

(viii)    Order (A) Authorizing the Debtors to (I) Continue Insurance Coverage Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto, (II) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (III) Continue the Surety Bond Program and (B) Granting Related Relief [ECF No. 83];

(ix)     Order (A) Approving Notification and Hearing Procedures for Certain Transfers of Common Stock and (B) Granting Related Relief [ECF No. 84];

(x)      Order (A)(I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests and (B) Granting Related Relief [ECF No. 85];

(xi)     Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (III) Approving the Form and Manner of Notice of Commencement, (IV) Approving the Solicitation Procedures, (V) Approving the Rights Offering Procedures and Related Materials, (VI) Waiving the Requirement that the U.S. Trustee Convene a Meeting of Creditors, (VII) Extending the Deadline for Debtors to File Schedules and Statements, and (VIII) Granting Related Relief [ECF No. 87];

(xii)    Order (A) Authorizing the Debtors to (I) File a Consolidated List of Creditors and a Consolidated List of the 30 Largest Unsecured Creditors, and (II) Redact Certain Personal Identification Information, (B) Waiving the Requirement to File Equity Lists and Modifying Equity Holder Notice Requirements, and (C) Granting Related Relief [ECF No. 86];

(xiii)   Interim Order (A) Authorizing the Debtors to (I) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (II) Maintain Existing Business Forms and Books and Records, and (III) Continue to Perform Intercompany Transactions and (B) Granting Related Relief [ECF No. 88];

26168217v.1 156926/00001

(xiv)     Interim Order (A)(I) Authorizing the Debtors to Pay Certain Prepetition Claims of Trade Claimants, (II) Confirming the Procedures Related Thereto, and (III) Granting Administrative Priority for Outstanding Order and (B) Granting Related Relief [ECF No. 89];

(xv)     Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief [ECF No. 90];

(xvi)     Final Order (A) Authorizing the Debtors to (I) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (II) Maintain Existing Business Forms and Books and Records, and (III) Continue to Perform Intercompany Transactions and (B) Granting Related Relief [ECF No. 155];

(xvii)     Order (A) Authorizing the Retention and Employment of Portage Point Partners, LLC as Restructuring Advisor to the Debtors and Debtors in Possession Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Effective as of the Petition Date and (B) Granting Related Relief [ECF No. 209];

(xviii)     Order Authorizing the Debtors to Retain and Employ Ernst & Young LLP as Auditors and Tax Service Providers Effective as of May 19, 2020 [ECF No. 210];

(xix)     Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of May 19, 2020 [ECF No. 211]; and

(xx)     Order (I) Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization and (II) Granting Related Relief [ECF No. 221].

(b)     communicating with creditors and other parties in interest concerning these cases.

## V.     TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

10.     The terms and conditions of JW's employment by the Debtors and compensation to be paid to JW by the Debtors are specifically outlined in the *Application of Debtors and Debtors in Possession to Retain Jackson Walker LLP as Co-Counsel and Conflicts Counsel for Debtors and Debtors In Possession* (the "Retention Application") [ECF No. 132].  As set forth in the Retention Application, JW received a retainer in the amount of $250,000.00.  JW holds the retainer balance of $135,627.50 in trust.  Post-petition compensation paid to JW by the Debtors is paid from the Debtors' estates.

## VI.     PROFESSIONAL SERVICES PROVIDED BY JW TO THE DEBTORS

11.     JW has assisted the Debtors in (a) providing legal advice concerning local rules, practices, and procedures relevant to numerous facets of their cases; (b) assisting with the administration of these cases; and (c) reviewing and providing comments on drafts of pleadings or other documents prepared for filing with the Court.  The following is a summary, by matter, of the significant professional services JW rendered during this Application Period.

(a)     B110 - Case Administration:  Fees: $33,554.50; Hours: 70.6.  These fees include all services rendered by JW that deal with general administration of the case and may also include specific matters that are not readily classifiable into other more specific matters  The time expended by JW includes telephonic conferences with the Debtors' co-counsel, the United States Trustee, and parties-in-interest, communications with the Court's staff, obtaining and reviewing PACER dockets for upcoming deadlines and hearings, finalizing and filing witness and exhibit lists, handling first and second day administrative matters, obtaining hearing transcripts, preparing for and attending hearings, and addressing other administrative issues.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Elizabeth C. Freeman | $775 | 4.9 | $3,797.50 |
| Matthew D. Cavenaugh | $750 | 9.9 | $7,425.00 |

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Jennifer F. Wertz | $600 | 2.0 | $1,200.00 |
| Kristhy M. Peguero | $575 | 17.8 | $10,235.00 |
| Veronica A. Polnick | $510 | 3.6 | $1,836.00 |
| Cameron A. Secord | $465 | 6.1 | $2,836.50 |
| Victoria N. Argeroplos | $445 | 5.7 | $2,536.50 |
| Kendra E. Gradney | $185 | 8.3 | $1,535.50 |
| Daniela M. Trevino | $175 | 12.3 | $2,152.50 |
| **TOTAL** | | **70.6** | **$33,554.50** |

(b)      B115 – Reporting: Fees: $1,819.00; Hours 3.2.   These fees include accounting or reporting activities; these fees also include services related to corresponding with the United States Trustee regarding related matters.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Jennifer F. Wertz | $600 | 0.2 | $120.00 |
| Kristhy M. Peguero | $575 | 2.6 | $1,495.00 |
| Veronica A. Polnick | $510 | 0.4 | $204.00 |
| **TOTAL** | | **3.2** | **$1,819.00** |

(c)      B120 - Asset Analysis and Recover:  Fees:  $3,707.00; Hours: 8.9.  These fees pertain to identification and review of potential assets including causes of action and non-litigation recoveries.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Jennifer F. Wertz | $600 | 0.7 | $420.00 |
| Kristhy M. Peguero | $575 | 4.1 | $2,357.50 |
| Cameron A. Secord | $445 | 0.7 | $325.50 |
| Kendra E. Gradney | $185 | 0.9 | $166.50 |
| Daniela M. Trevino | $175 | 2.5 | $437.50 |
| **TOTAL** | | **8.9** | **$3,707.00** |

(d)      B150 – Meetings and Communications with Creditors: Fees: $402.50; Hours: 0.7. Preparation for and attendance at section 341(a) meeting and any other meetings with creditors and creditor's committees.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Kristhy M. Peguero | $575 | 0.7 | $402.50 |
| **TOTAL** | | **0.7** | **$402.50** |

10

(e)    <u>B160 - Fee/Employment Applications</u>:  Fees: $8,137.00; Hours: 21.  These fees include providing services related to ensuring the retention of the Debtors' professionals in these chapter 11 cases.  Specifically, JW spent time reviewing and revising various retention applications, and finalizing and filing the monthly fee statements and fee applications on behalf of various professionals retained by the Debtors, particularly with regard to local requirements for same.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Jennifer F. Wertz | $600 | 1.8 | $1,080.00 |
| Kristhy M. Peguero | $575 | 8.5 | $4,887.50 |
| Veronica A. Polnick | $510 | 0.8 | $408.00 |
| Kendra E. Gradney | $185 | 2.9 | $536.50 |
| Daniela M. Trevino | $175 | 7.0 | $1,225.00 |
| **TOTAL** | | **21.0** | **$8,137.00** |

(f)    <u>B210 – Business Operations</u>:  Fees: $3,500.50; Hours 8.3.  These fees pertain to debtor-in-possession operating in chapter 11 such as employee, vendor, tenant issues and other similar problems.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Jennifer F. Wertz | $600 | 0.2 | $120.00 |
| Kristhy M. Peguero | $575 | 3.7 | $2,127.50 |
| Veronica A. Polnick | $510 | 1.4 | $714.00 |
| Kendra E. Gradney | $185 | 1.4 | $259.00 |
| Daniela M. Trevino | $175 | 1.6 | $280.00 |
| **TOTAL** | | **8.3** | **$3,500.50** |

(g)    <u>B230 - Financing/Cash Collections</u>:  Fees: $125.50; Hours 0.7.  These fees include preparing and finalizing the debtor-in-possession financing motion and related orders.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Kendra E. Gradney | $185 | 0.3 | $55.50 |
| Daniela M. Trevino | $175 | 0.4 | $70.00 |
| **TOTAL** | | **0.7** | **$125.50** |

(h)    <u>B320 - Plan and Disclosure Statement</u>:  Fees: $10,236.00; Hours: 20.1.

These fees pertain to obtaining an extension of exclusivity and analysis of issues pertinent to a

plan.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Elizabeth C. Freeman | $775 | 1.2 | 930.00 |
| Kristhy M. Peguero | $575 | 11.5 | $6,612.50 |
| Vienna F. Anaya | $510 | 0.7 | $357.00 |
| Veronica A. Polnick | $510 | 3.4 | $1,734.00 |
| Kendra E. Gradney | $185 | 2.5 | $462.50 |
| Daniela M. Trevino | $175 | 0.8 | $140.00 |
| **TOTAL** | | **20.1** | **$10,236.00** |

## VII.    COMPENSATION REQUESTED

12.    In this Application, JW seeks approval of $61,482.00 in fees and $798.75 in

expenses.  In support of the Application, JW submits a Detailed Record of Fees as Co-Counsel

and Conflicts Counsel for the Application Period, attached hereto as **Exhibit 2**.  Pursuant to the

U.S. Trustee Guidelines, **Exhibit 3** is the chart reflecting customary and comparable compensation

disclosures with fee applications, **Exhibit 4** is a chart summarizing the timekeepers included in

this Application, **Exhibit 5** is the budget, and **Exhibit 6** is a chart with a summary of compensation

requested by project category.  The blended rates for all JW timekeepers in this Application is

$460.54.

13.    The Application readily meets the standards of § 331 and applicable case law for

compensation for services rendered on behalf of the Debtors' estates and for the administration of

these cases.  The Fifth Circuit recently reorganized the contours of the requirements for allowance

of compensation under § 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd., (In re Woerner)*,

783 F.3d 266 (5th Cir. 2015).  In *Woerner*, the Fifth Circuit held that a court would allow

compensation to an attorney for the debtor for services that are "reasonably likely to benefit" the

estate, and that a court should adjudge the reasonableness of requested compensation "at the time

12

at which the service was rendered." *Id.*, at 273-74. All of the compensation requested in the Application meets the requirements of section 331 as delineated by the Fifth Circuit, and should be approved.

14.     JW provided necessary and beneficial services to the Debtors through assisting the Debtors in myriad ways. The time JW spent on services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors' estates consistent with JW's role as co-counsel, and to maximize the dividend to creditors, in line with the *Johnson*[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp.*, 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

### a.     The Time and Labor Required.

15.     As further illustrated by the fee breakdown in the Summary Cover Sheet, the amount of time spent by JW professionals and paraprofessionals on this case for the Application Period is 133.5 hours.

### b.     The Novelty and Difficulty of the Questions Presented by the Case.

16.     This case has presented unique questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law, including laws and issues related the oil and gas industry.

### c.     The Skill Requisite to Perform the Legal Services Properly.

17.     JW possesses the skill required to properly perform the legal services involved, in particular bankruptcy law expertise, as well as practice experience before this Court, and knowledge of its local rules.

---

[2]   See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

26168217v.1 156926/00001

### d.     The Preclusion of Other Employment by the Attorneys due to Acceptance of the Case.

18.     Attorneys at JW were necessarily precluded from employment on other cases by the size and exigency of this case.  This case has moved at an expedient pace requiring quick attention and open availability from JW attorneys.

### e.     The Customary Fee for Similar Work in the Community.

19.     The fees charged by JW compare favorably with fees charged by other counsel in similar cases in this jurisdiction.  JW sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of each attorney.  In addition, JW employs associates, a legal assistant, and bankruptcy case clerk on this case in lieu of a single attorney, resulting in a blended rate of $460.54 per hour.  JW's blended rate compares favorably with hourly rates charged by local practitioners.

### f.     Whether the Fees are Fixed or Contingent.

20.     JW attorneys in this case do not charge either fixed or contingent fees.

### g.     Time Pressures Imposed by the Client or Circumstances.

21.     The circumstances of the bankruptcy case imposed time pressures due to the need to take steps to help the Debtors' case progress at an expedient pace.

### h.     The Amount Involved and Results Obtained as a Result of the Attorney Services.

22.     As a result of JW's services, strategy, and efficiency as co-counsel and conflicts counsel, the Debtors have made substantial progress in their bankruptcy cases.  During the Fee Period, with the assistance of JW as co-counsel, working in concert with Kirkland & Ellis, the Debtors made a smooth transition into Chapter 11 in this Court and achieved meaningful progress with their creditors.

### i.     The Experience, Reputation, and Ability of the Attorneys.

23.     The JW attorneys involved in the work on behalf of the Debtors represent decades of combined experience in the particular area of bankruptcy law, including representation of chapter 11 debtors such as the Debtors in these cases.  The JW attorneys bring extensive experience in bankruptcy and oil and gas law to the Debtors' bankruptcy cases and ongoing operations and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary for the successful prosecution of the Debtors' bankruptcy cases.

### j.     The Undesirability of the Cases.

24.     Every debtor case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtors' principal assets and the debtor's ability to pay administrative fees and costs.  These cases presented no additional undesirable elements.

### k.     The Nature and Length of the Professional Relationship with the Client.

25.     JW's business relationship with the Debtors began on March 24, 2020, the date of the Engagement Letter between JW and the Debtors.  JW received a retainer of $250,000.00.  On March 31, 2020, JW received prepetition payment in the amount of $38,230.00 for services performed in connection with and in contemplation of the filing of these cases.  On May 12, 2020, JW received an additional payment of $76,142.50 for prepetition services.  JW continues to hold $135,627.50 in trust.

### l.     Awards in Similar Cases.

26.     The fees herein requested are in line with fee awards approved in similar cases, by counsel with similar sophistication and experience.

27.     In conclusion, the services provided by JW have been necessary to the administration of the Debtors' estates in the Fee Period and beneficial at the time at which the

services were rendered toward the successful prosecution of the Debtors' cases. Further, JW performed the services within a reasonable amount of time commensurate with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Debtors' estates. Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under title 11 of the district. JW requests that the Court determine that the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

### VIII.   STATEMENT PURSUANT TO THE US TRUSTEE GUIDELINES

Pursuant to the US Trustee Guidelines, JW states as follows:

a.   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response: No.

b.   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the Client?

Response: JW did not submit a budget.

c.   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

d.   Does the fee application include time or fees related to reviewing or revising time records or preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

Response: No.

e.   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response: No.

f.      If the fee application includes any rate increase since retention:

(i)      Did your client review and approve those rate increases in advance?

Response: N/A

(ii)     Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform, your client that they need not to agree to modify rates or terms in order to have you continue the representation, consistent with ABA Formal ethics Opinion 11-458.

Response:  Yes.

WHEREFORE, PREMISES CONSIDERED, Jackson Walker LLP requests that this Court enter an order granting final allowance of compensation for professional services rendered during the Application Period in the amount of $61,482.00, and reimbursement of actual and necessary expenses incurred by Jackson Walker LLP during the Application Period in the amount of $798.75, authorizing the Debtors to pay the fees and expenses as requested, and grant such other and further relief as is just and proper.

July 17, 2020
Houston, Texas

/s/ *Matthew Cavenaugh*

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:         mcavenaugh@jw.com
               kpeguero@jw.com
               jwertz@jw.com
               vpolnick@jw.com


**COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

26168217v.1 156926/00001

## <u>CERTIFICATION</u>

I, Matthew D. Cavenaugh, hereby certify that I have read the foregoing *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From May 19, 2020 Through June 19, 2020* (the "<u>Application</u>"), and to the best of my knowledge, information, and belief, formed after a reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the General Order in the Matter of Procedures for Complex Chapter 11 Cases except s specifically noted in the Application, and the compensation and expenses reimbursement requested are billed at rates, in accordance with practices no less favorable than those customarily employed by Jackson Walker and generally accepted by Jackson Walker's clients.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

19

## CERTIFICATE OF SERVICE

I, Matthew D. Cavenaugh, hereby certify that on the 17th day of July 2020, a copy of the foregoing was served via the Court's ECF system upon all parties receiving notice through same.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh

26168217v.1 156926/00001

**<u>EXHIBIT 1</u>**

**Retention Order**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
07/13/2020

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HORNBECK OFFSHORE SERVICES, INC., *et al.*,[1] | ) | Case No. 20-32679 (DRJ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE APPLICATION OF DEBTORS AND DEBTORS-**
**IN-POSSESSION TO RETAIN JACKSON WALKER LLP AS CO-COUNSEL**
**AND CONFLICTS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**
**(Relates to Docket No.   132   )**

CAME ON FOR CONSIDERATION the Application of Debtors and Debtors in Possession to Employ Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors-in-Possession (the "Application") filed by Hornbeck Offshore Services, Inc., *et al*. (collectively, the "Debtors"). The Court, having reviewed the Application, and the supporting documents thereto, and finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, that the Application was properly filed and served, that this is a core proceeding pursuant to 28 U.SC. § 157(b); and that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and based upon good and sufficient cause appearing therefor; it is hereby:

ORDERED, ADJUDGED, AND DECREED that the Debtors shall be, and are hereby, authorized to retain Jackson Walker LLP as co-counsel and conflicts counsel upon the terms and conditions set forth in the Application as modified herein; it is further

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.stretto.com/hornbeck. The location of the Debtors' service address is: 8 Greenway Plaza, Suite 1525, Houston, Texas 77046.

ORDERED that Jackson Walker LLP shall apply for compensation for professional services rendered and reimbursement of expenses in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, and any fee and expense guidelines or orders of this Court.  Jackson Walker LLP also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S. C § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013* (the "U.S. Trustee Fee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Jackson Walker LLP in these chapter 11 cases.  For billing purposes, Jackson Walker LLP shall keep its time in one tenth (1/10) hour increments in accordance with the U.S. Trustee's Guidelines.  Jackson Walker LLP will use its best efforts to avoid any duplication of services provided by any of the Debtors' other chapter 11 professionals in these chapter 11 cases; it is further

ORDERED that Jackson Walker LLP will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Jackson Walker LLP will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a); it is further

ORDERED that Jackson Walker, LLP shall not charge a markup to the Debtors with respect to fees billed by contract attorneys ("Contractors") who are hired by Jackson Walker LLP to provide services to the Debtors, and shall ensure that any such Contractors that are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules; it is further

ORDERED that to the extent the Application or the Cavenaugh Declaration is inconsistent with this Order, the terms of this Order shall govern; it is further

ORDERED that all billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format and that billing records will use the U.S. Trustee's standard project categories; it is further

ORDERED that notwithstanding anything to the contrary in the Application, Jackson Walker, LLP shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of this Court; it is further

ORDERED that Jackson Walker LLP shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtors, U.S. Trustee, and the Official Committee of Unsecured Creditors, should one be appointed in these chapter 11 cases, prior to any increases in the rates set forth in the Application. The supplemental declaration shall explain the basis for the requested rate increases in accordance with 11 U.S.C. § 330(a)(3)(F) and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code; it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Signed: July 13, 2020

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 2**

**Detailed Record of Fees as Co-Counsel and Conflicts Counsel**

<u>**EXHIBIT 2**</u>

**DETAILED RECORD OF FEES AND EXPENSES AS CO-COUNSEL FOR THE FEE PERIOD**

**TIME DETAIL:**

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Amount</u> | <u>Description</u> |
|---|---|---|---|---|
| <u>**Case Administration**</u>: | | | | |
| 05/19/20 | K. Peguero | 8.2 | 4,715.00 | Review first day pleadings for conformity with local rules and practice (5.5); assist with review and revision of administrative motions and advise regarding service (1.8); participate in UST call regarding severance (.4); advise Kirkland regarding first day hearing prep (.5) |
| 05/19/20 | J. Wertz | 1.2 | 720.00 | Assist with filing first day motions for other Hornbeck entities filing chapter 11. |
| 05/19/20 | V. Argeroplos | 4.5 | 2,002.50 | Review first day pleadings and orders including wages, taxes, insurance, disclosure statement, Stretto retention, utilities, automatic stay, and joint administration; conference call with JW team and Kirkland team to coordinate and execute filings. |
| 05/19/20 | C. Secord | 2.0 | 930.00 | File petitions on behalf multiple debtor entities. |
| 05/19/20 | C. Secord | 2.5 | 1,162.50 | Review first day pleadings and correspond with JW Debtor Team regarding same. |
| 05/19/20 | D. Trevino | 5.0 | 875.00 | Review the voluntary petitions and prepare same for filing (1.0); compile various First Day Pleadings and circulate to team for filing (4.0) |
| 05/19/20 | K. Gradney | 4.4 | 814.00 | Prepare petitions and various first day pleadings for filing. |
| 05/19/20 | K. Gradney | 0.2 | 37.00 | Receive amended notice of electronic hearing and prepare same for filing. |
| 05/19/20 | K. Gradney | 1.1 | 203.50 | Update and prepare for filing the witness and exhibit list for first day hearing (.8); prepare for filing the agenda for first day hearing (.2); coordinate service of same (.1). |

1

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/20/20 | M. Cavenaugh | 9.9 | 7,425.00 | Prepare for and attend first day hearing, including revisions to proposed order and other items related to first day relief (7.9); attend witness preparation meeting with advisor teams and witnesses (1.0); review first day presentation (1.0). |
| 05/20/20 | E. Freeman | 4.9 | 3,797.50 | Finalize first day matters (3.4); attend the first day hearing (1.5). |
| 05/20/20 | K. Peguero | 4.8 | 2,760.00 | Prepare for first day hearing including revision of first day interim orders (3.0); participate in join.me training session (.5); attend first day hearing (1.3) |
| 05/20/20 | J. Wertz | 0.8 | 480.00 | Telephonic attendance at part of first day hearings in front of Judge Jones. |
| 05/20/20 | V. Argeroplos | 1.2 | 534.00 | Finalize interim orders in advance of first day hearing today (.1); prepare for and attend video first day hearing (1.1) |
| 05/20/20 | V. Polnick | 2.5 | 1,275.00 | Prepare for and attendance at First Day Hearings. |
| 05/20/20 | V. Polnick | 0.2 | 102.00 | Discuss Notice of Commencement issues with K&E Team. |
| 05/20/20 | D. Trevino | 0.6 | 105.00 | Circulate chart with reference Motions and Proposed Order ECF Numbers to team internally and to Court chambers in preparation of the First Days Hearing. |
| 05/20/20 | D. Trevino | 1.0 | 175.00 | Attend first day hearing. |
| 05/20/20 | D. Trevino | 0.5 | 87.50 | Prepare for filing vairous revised proposed order regarding first day relief. |
| 05/20/20 | D. Trevino | 0.3 | 52.50 | Review of Orders entered following first day hearing and circulate deadlines to team internally. |
| 05/20/20 | K. Gradney | 1.8 | 333.00 | Prepare revised proposed orders ahead of first day hearing (.5); attend first day hearing and assist counsel (1.3). |
| 05/21/20 | K. Peguero | 1.0 | 575.00 | Advise Kirkland team regarding second day pleadings and scheduling (.9);  assist with e-decs (.1) |

2

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/21/20 | V. Polnick | 0.1 | 51.00 | Circulate Work-in-Progress Chart and discuss with K. Peguero and J. Wertz. |
| 05/22/20 | C. Secord | 0.4 | 186.00 | Analyze orders and notices filed in debtor cases and correspond with JW Debtor Team concerning implications of notices received. |
| 05/25/20 | K. Peguero | 0.1 | 57.50 | Follow up with BRG regarding IDI issues (.1). |
| 05/25/20 | K. Peguero | 0.3 | 172.50 | Correspond with L. Luo and separately with team regarding motion to dismiss. |
| 05/26/20 | K. Peguero | 0.8 | 460.00 | Analyze joint administration/UST fees issues and further revise MTD (.5); call with C. Bacon, A. Bordi, & V. Polnick regarding reporting and MTD (.2); follow up with L. Freeman regarding same (.1) |
| 05/26/20 | V. Polnick | 0.3 | 153.00 | Review and comments on motion to dismiss HOS Wellmax case. |
| 05/26/20 | K. Gradney | 0.1 | 18.50 | Attention to upcoming dates and deadlines. |
| 05/27/20 | C. Secord | 0.3 | 139.50 | Email with JW Team concerning part interested in purchasing assets from Debtors. |
| 05/27/20 | C. Secord | 0.3 | 139.50 | Correspondence with local litigation counsel in Louisiana and the impact of the bankruptcy on his proceeding. |
| 05/28/20 | K. Peguero | 0.4 | 230.00 | Coordinate UST call (.2); coordinate with Stretto regarding filing of creditor matrix (.2) |
| 05/28/20 | V. Polnick | 0.2 | 102.00 | Attend call with US Trustee. |
| 05/28/20 | C. Secord | 0.3 | 139.50 | Correspondence with JW Team concerning local litigation counsel in Louisiana and the impact of the bankruptcy on his proceeding. |
| 05/28/20 | D. Trevino | 0.3 | 52.50 | Review and upload the creditor matrix. |
| 05/29/20 | D. Trevino | 0.1 | 17.50 | Attention to upcoming deadlines and circulate to team internally. |
| 06/01/20 | V. Polnick | 0.1 | 51.00 | Communication with K&E team regarding affidavit of publication. |
| 06/01/20 | D. Trevino | 0.1 | 17.50 | Review and file the Affidavit of Publication. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/02/20 | D. Trevino | 0.1 | 17.50 | Attention to upcoming deadlines and circulate to team internally. |
| 06/02/20 | K. Gradney | 0.2 | 37.00 | Coordinate e-declarations. |
| 06/05/20 | C. Secord | 0.3 | 139.50 | Analyze multiple filings to determine action steps for Debtor Team. |
| 06/09/20 | K. Peguero | 0.1 | 57.50 | Coordinate filing of affidavits (.1) |
| 06/09/20 | K. Peguero | 0.2 | 115.00 | Advise E. Swager regarding CNO process. |
| 06/09/20 | D. Trevino | 0.1 | 17.50 | Attention to upcoming hearing dates and circulate to team internally. |
| 06/09/20 | D. Trevino | 0.2 | 35.00 | Review and prepare for filing the Affidavits of Publication and coordinate service for same. |
| 06/09/20 | D. Trevino | 0.5 | 87.50 | Draft of Certificate of No Objection for second day relief (.4); circulate to K. Peguero (.1). |
| 06/10/20 | K. Peguero | 0.6 | 345.00 | Revise various CNO's (.4); and follow up with E. Swager regarding same (.2) |
| 06/10/20 | D. Trevino | 0.5 | 87.50 | Further edits to omnibus certificate of no objection for requested relief (.3) Compile orders and circulate to K. Peguero (.2) |
| 06/10/20 | D. Trevino | 0.2 | 35.00 | Attention to upcoming hearings and deadlines and circulate to team internally. |
| 06/11/20 | K. Peguero | 0.7 | 402.50 | Coordinate and revise witness and exhibit lists (.5); advise D. Farmer regarding objection deadlines (.2) |
| 06/11/20 | D. Trevino | 0.5 | 87.50 | Draft of witness and exhibit list due 6/11/2020 at noon for the 6/15/2020 hearing and circulate to team internally. |
| 06/11/20 | K. Gradney | 0.3 | 55.50 | Prepare for filing witness and exhibit list (.2); coordinate service of same with noticing agent (.1). |
| 06/12/20 | D. Trevino | 0.2 | 35.00 | Edits to the Agenda for the 6/12/2020 hearing and circulate to the Jackson Walker team and the K&E teams. |
| 06/12/20 | D. Trevino | 0.2 | 35.00 | Communication with King & Jurgens and Jackson Walker team regarding the sealed documents. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/12/20 | D. Trevino | 0.2 | 35.00 | Further edits to the Agenda for 6/15/2020 hearing and prepare same for filing. |
| 06/15/20 | K. Peguero | 0.2 | 115.00 | Coordinate filing of revised OCP Order. |
| 06/15/20 | K. Peguero | 0.4 | 230.00 | Prepare for and attend second day hearing. |
| 06/15/20 | V. Polnick | 0.2 | 102.00 | Attend Second Day Hearings. |
| 06/15/20 | D. Trevino | 0.1 | 17.50 | Coordinate appearances for the June 15, 2020 hearing. |
| 06/15/20 | D. Trevino | 0.1 | 17.50 | Prepare for filing Motion to Appear Pro Hac vice for Nitzan Halperin with K&E. |
| 06/15/20 | D. Trevino | 0.1 | 17.50 | Circulate to court chambers a chart with new Proposed Orders to the Motions being heard 6/15/2020. |
| 06/15/20 | K. Gradney | 0.1 | 18.50 | Telephonically attend second day hearing. |
| 06/16/20 | K. Gradney | 0.1 | 18.50 | Coordinate copy of June 15 hearing transcript. |
| 06/17/20 | D. Trevino | 0.9 | 157.50 | Compile the exhibits to be filed with the W/E list due at noon (.6) Communication with team regarding same (.1) Review and compile the W/E list for filing (.2) |
| 06/17/20 | D. Trevino | 0.3 | 52.50 | Review the Amended W/E list and compile exhibits, prepare same for filing (.2) Communication with noticing agent regarding service for same (.1) |
| 06/19/20 | D. Trevino | 0.1 | 17.50 | Coordinate copy of confirmation hearing transcript. |
| 06/19/20 | D. Trevino | 0.1 | 17.50 | Coordinate appearances for hearing. |
| Total Case Administration | | 70.6 | $ 33,554.50 | |

**Reporting:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/22/20 | K. Peguero | 0.8 | 460.00 | Advise A. Bordi regarding UST's expected points of inquiry (.3); advise BRG team regarding IDI issues (.2); discuss retention issues with D. Farmer (.3 |
| 05/26/20 | K. Peguero | 0.3 | 172.50 | Research regarding IDI and reporting. |
| 05/26/20 | V. Polnick | 0.1 | 51.00 | Communication with the K&E team regarding IDI Motion. |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/26/20 | V. Polnick | 0.3 | 153.00 | Attend IDI discussion with the KE team. |
| 06/03/20 | K. Peguero | 0.5 | 287.50 | Assist A. Bordi, L. Luo, S. Kaufman, C. Bacon with preparations for IDI. |
| 06/04/20 | K. Peguero | 0.5 | 287.50 | Prepare for and participate in IDI (.4); follow up with J. Ruff regarding appointment of Committee (.1) |
| 06/05/20 | K. Peguero | 0.2 | 115.00 | Assist with finalizing IDI paperwork (.2) |
| 06/05/20 | J. Wertz | 0.2 | 120.00 | Correspond with K. Peguero concerning signature requirement for IDI packet. |
| 06/08/20 | K. Peguero | 0.3 | 172.50 | Assist with submitting documents for IDI (.3) |
| Total Reporting | | 3.2 | $ 1,819.00 | |

**Asset Analysis and Recovery:**

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/29/20 | K. Peguero | 0.6 | 345.00 | Review Gulf Island Shipyards turnover stipulation and research regarding Judge's preferences (.6) |
| 06/02/20 | K. Peguero | 1.2 | 690.00 | Analyze unclaimed property issue and respond to A. Bordi (1.2) |
| 06/02/20 | J. Wertz | 0.7 | 420.00 | Review correspondence from Texas Comptroller with respect to unclaimed property (.3); correspond with K. Peguero concerning suggested response to same (.4). |
| 06/02/20 | C. Secord | 0.7 | 325.50 | Correspond with the JW Debtor Team concerning unclaimed property issues and Texas. |
| 06/03/20 | K. Peguero | 2.3 | 1,322.50 | Review draft complaint seeking turnover against GFI and assist with filing (2.3) |
| 06/03/20 | D. Trevino | 1.4 | 245.00 | Review and file the Complaint for Turnover (1.0) Communication with co-counsel and circulate file stamped copies (.4) |
| 06/03/20 | K. Gradney | 0.9 | 166.50 | Assist with filing 542 complaint for turnover (.5); assist with preparation for summons for defendant (.2); conduct TX SOS search for registered agent in Texas for service address (.2). |
| 06/05/20 | D. Trevino | 0.1 | 17.50 | Communication with K. Gradney regarding Summons for Adversary against Gulf Island Shipyards and circulate reminder. |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 06/08/20 | D. Trevino | 1.0 | 175.00 | Coordinate the mailing of the Summons to Gulf Island (.4) Communication with King&Jurgens regarding same (.2) Review and file the Certificates of Service (.2)  Attention to deadlines and circulate to team internally (.2) |
| Total Asset Analysis and Recovery | | 8.9 | $ 3,707.00 | |

**Meetings of and Communications with Creditors:**

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/27/20 | K. Peguero | 0.2 | 115.00 | Respond to creditor inquiries (.2) |
| 06/02/20 | K. Peguero | 0.5 | 287.50 | Respond to creditor inquiries. |
| Total Meetings of and Communications with Creditors | | 0.7 | $ 402.50 | |

**Fee/Employment Applications:**

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/20/20 | K. Gradney | 1.4 | 259.00 | Prepare motion for interim compensation. |
| 05/21/20 | K. Peguero | 1.2 | 690.00 | Research regarding disclosing confidential clients in connection with retention applications |
| 05/21/20 | J. Wertz | 0.4 | 240.00 | Correspond with K. Peguero concerning approach to confidential parties on declaration in support of application to employ. |
| 05/21/20 | K. Gradney | 0.5 | 92.50 | Initial draft of retention application on behalf of Jackson Walker. |
| 05/22/20 | K. Peguero | 0.1 | 57.50 | Advise D Farmer on retention issues. |
| 05/26/20 | K. Peguero | 3.9 | 2,242.50 | Review and revise Guggenheim, Portage Partners, E&Y, and Kirkland retention apps (3.9) |
| 05/26/20 | J. Wertz | 1.4 | 840.00 | Review and comment on draft application to employ EY, proposed order, and declaration in support (1.2); correspond with K. Peguero concerning comments to same (.2). |
| 05/26/20 | K. Gradney | 0.8 | 148.00 | Prepare for filing various retention applications (.7); coordinate service of same with noticing agent (.1). |
| 05/27/20 | K. Peguero | 0.6 | 345.00 | Revise JW retention app (.6) |

7

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/28/20 | K. Peguero | 0.4 | 230.00 | Revise JW retention app and discuss with J. Wertz, V. Polnick (.4) |
| 05/28/20 | D. Trevino | 1.0 | 175.00 | Draft of schedules for the Jackson Walker Retention Application. |
| 05/28/20 | D. Trevino | 1.5 | 262.50 | Continued to draft the schedules for the Jackson Walker Retention Application. |
| 05/29/20 | D. Trevino | 3.5 | 612.50 | Continue draft of Schedules for Retention Application and circulate to team. |
| 05/29/20 | K. Gradney | 0.2 | 37.00 | Update Jackson Walker retention application to include recent representation in the S.D. |
| 05/31/20 | K. Peguero | 0.1 | 57.50 | Finalize and submit JW retention application to K&E and client for comment. |
| 06/01/20 | K. Peguero | 1.6 | 920.00 | Follow up with A. Bordi regarding engagement letter and retention application (.1); review and analyze UST comments to OCP and retention applications (.6); revise JW retention application and oversee filing (.9) |
| 06/01/20 | D. Trevino | 0.2 | 35.00 | Compile and circulate the Jackson Walker Retention Application. |
| 06/02/20 | K. Peguero | 0.4 | 230.00 | Analyze HOS' responses to UST regarding comments to retention applications (.3); follow up with A. Bordi regarding Guggenheim retention (.1) |
| 06/16/20 | V. Polnick | 0.8 | 408.00 | Review and revise retention orders. |
| 06/16/20 | D. Trevino | 0.4 | 70.00 | Prepare comparison documents for the E&Y Retention Order, Restructing Advisor Retention Order, KE Retention Order and Guggenheim Retention Order and circulate to V. Polnick. |
| 06/18/20 | K. Peguero | 0.2 | 115.00 | Assist with filing of retention orders (.1); respond to D. Farmer regarding retention application (.1) |
| 06/18/20 | D. Trevino | 0.4 | 70.00 | Edits to the Omnibus Certificate of Counsel for Retention Applications and prepare same for filing (.2) Coordinate service for same (.1) Communication with court chambers regarding same (.1) |

8

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| Total Fee/Employment Applications | | 21.0 | $ 8,137.00 | |

**Business Operations:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/20/20 | K. Gradney | 0.6 | 111.00 | Prepare motion for retention and compensation for professionals utilized in the ordinary course of business. |
| 05/21/20 | K. Peguero | 0.9 | 517.50 | Review and revise OCP motion. |
| 05/21/20 | K. Gradney | 0.3 | 55.50 | Revise ordinary course professionals motion and prepare comparison document. |
| 05/22/20 | K. Peguero | 1.2 | 690.00 | Research regarding Plan post-confirmation professional fees and revise OCP . |
| 05/22/20 | D. Trevino | 0.3 | 52.50 | Review the OCP Motion and prepare same for filing (.2) Coordinate service for same (.1) |
| 05/26/20 | J. Wertz | 0.2 | 120.00 | Correspond with V. Polnick concerning Wells Fargo inquiry. |
| 05/26/20 | V. Polnick | 0.1 | 51.00 | Communication with C. Secord and J. Wertz regarding the Wells Fargo notices. |
| 05/28/20 | K. Peguero | 0.1 | 57.50 | Call with A. Bordi regarding OCPs |
| 06/09/20 | K. Peguero | 0.1 | 57.50 | Assist D. Farmer with comments from UST on OCP. |
| 06/10/20 | D. Trevino | 0.1 | 17.50 | Circulate to K. Peguero the CNO for the Vendors Motion and Cash Management. |
| 06/10/20 | K. Gradney | 0.3 | 55.50 | Prepare for filing certificates of no objection pertaining to cash management and vendor motions. |
| 06/12/20 | K. Peguero | 0.7 | 402.50 | Confirm OCP deadline and advise A. Bordi regarding obtaining entry of order (.2); assist with agenda for hearing on same (.1); coordinate filing of OCP Order (.1); review revised agenda for hearing on same (.2); coordinate filing of agenda and electronic appearances (.1) |
| 06/12/20 | D. Trevino | 0.2 | 35.00 | Review and prepare for filing the Revised Proposed OCP Order. |
| 06/14/20 | K. Peguero | 0.2 | 115.00 | Address issue regarding OCP declaration (.2) |

9

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/15/20 | K. Peguero | 0.5 | 287.50 | Attention to Amended OCP Order. |
| 06/15/20 | V. Polnick | 0.2 | 102.00 | Communication with Court and K. Peguero regarding entry of OCP order. |
| 06/15/20 | K. Gradney | 0.2 | 37.00 | Prepare for filing the revised order on ordinary course professionals. |
| 06/16/20 | V. Polnick | 0.8 | 408.00 | Review various Declarations of Disinterestedness pursuant to the OCP Order. |
| 06/16/20 | V. Polnick | 0.3 | 153.00 | Communication with K&E regarding declaration of disinterestedness. |
| 06/16/20 | D. Trevino | 1.0 | 175.00 | Review of various Declarations of Disinterestedness pursuant to the OCP Order and prepare same for filing (.8) Communication with team regarding same and coordinate service (.2) |
| Total Business Operations | | 8.3 | $ 3,500.50 | |

**Financing/Cash Collections:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/09/20 | D. Trevino | 0.1 | 17.50 | Circulate to N. Halperin at K&E the Interim DIP Order. |
| 06/10/20 | D. Trevino | 0.3 | 52.50 | Draft and circulate to K. Peguero a CNO for the DIP Order. |
| 06/10/20 | K. Gradney | 0.3 | 55.50 | Prepare for filing certificate of no objection for final DIP order (.1); correspondence with KE team regarding budget (.1); contact chambers regarding filing (.1). |
| Total Financing/Cash Collections | | 0.7 | $ 125.50 | |

**Plan and Disclosure Statement (including Business Plan):**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/02/20 | E. Freeman | 0.7 | 542.50 | Address closing issues. |
| 06/07/20 | K. Peguero | 0.3 | 172.50 | Analyze US Atty's Office proposed Confirmation Order language and correspondence to A. Bordi regarding same (.3) |
| 06/16/20 | K. Peguero | 4.1 | 2,357.50 | Review and revise Confirmation Brief and Confirmation Order |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/16/20 | D. Trevino | 0.2 | 35.00 | Prepare comparison documents for the Confirmation Brief and Confirmation Order and circulate to K. Peguero. |
| 06/17/20 | K. Peguero | 4.0 | 2,300.00 | Assist with preparing and filing witness and exhibit list for confirmation hearing (.7); continue review of Confirmation Order and analysis of relief requested (3.3) |
| 06/17/20 | V. Polnick | 2.9 | 1,479.00 | Call with K&E team to coordinate filings in advance of confirmation hearing. |
| 06/17/20 | D. Trevino | 0.2 | 35.00 | Communication with team regarding the filing of the Voting Report (.1) Review and prepare same for filing (.1) |
| 06/17/20 | D. Trevino | 0.2 | 35.00 | Review the Confirmation Brief and prepare same for filing. |
| 06/17/20 | D. Trevino | 0.2 | 35.00 | Review the Confirmation Order and prepare same for filing. |
| 06/18/20 | V. Polnick | 0.2 | 102.00 | Communication with K&E regarding agenda for confirmation hearing. |
| 06/18/20 | V. Polnick | 0.2 | 102.00 | Communication with K&E regarding filing of plan supplement. |
| 06/18/20 | K. Gradney | 0.1 | 18.50 | Prepare for filing agenda for confirmation hearing. |
| 06/18/20 | K. Gradney | 0.2 | 37.00 | Prepare for filing notice of plan supplement (.1); coordinate service of same with noticing agent (.1). |
| 06/19/20 | E. Freeman | 0.5 | 387.50 | Attend confirmation hearing. |
| 06/19/20 | K. Peguero | 3.1 | 1,782.50 | Coordinate filing Amended W/E List, Revised Proposed Order, and Amended Agenda (.4); prepare for hearing (1.8); attend confirmation hearing (.9) |
| 06/19/20 | V. Anaya | 0.7 | 357.00 | Attend hearing on disclosure statement and plan. |
| 06/19/20 | V. Polnick | 0.1 | 51.00 | Communication with K&E regarding confirmation hearing. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/19/20 | K. Gradney | 1.4 | 259.00 | Prepare amended witness and exhibit list for confirmation hearing (1.0); prepare propose confirmation order (.2); update amended agenda and prepare same for filing (.2). |
| 06/19/20 | K. Gradney | 0.8 | 148.00 | Telephonically attend confirmation hearing and assist counsel. |
| Total Plan and Disclosure Statement (including Business Plan) | | 20.1 | $ 10,236.00 | |

**Total Fees**                                                                      $61,482.00

Expenses:

| | |
|---|---|
| Color Imaging Expense | 406.30 |
| Copying Expense | 0.40 |
| Postage | 16.95 |
| VENDOR: Kendra Gradney INVOICE#: ER324175 DATE: 5/21/2020 | 332.75 |
| Miscellaneous Expense - hearing transcript | |
| VENDOR: Kendra Gradney INVOICE#: ER324639 DATE: 6/15/2020 | 42.35 |
| Miscellaneous Expense - hearing transcript | |

**Total Expenses**                                                          <u>**798.75**</u>

**EXHIBIT 3**

**Customary and Comparable Compensation Disclosure with Fee Applications**

**EXHIBIT 3**
**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

| CATEGORY OF TIMEKEEPER | TOTAL HOURS | TOTAL FEES | BLENDED HOURLY RATE | |
|---|---|---|---|---|
| | | | BILLED IN THIS FEE APPLICATION | BILLED OR COLLECTED FROM FIRM OR OFFICES FOR PRECEDING YEAR (Excluding Bankruptcy) |
| Equity Partner/Shareholder | 9.90 | $7,425.00 | $750.00 | $598.00 |
| Non-Equity Partner/Shareholder | 59.90 | $35,785.00 | $597.41 | $502.00 |
| Associate | 22.80 | $10,951.50 | $480.33 | $349.00 |
| Paraprofessional | 40.90 | $7,320.50 | $178.99 | $250.00 |
| **All Timekeepers Aggregated:** | **133.50** | **$61,482.00** | **$460.54** | **$405.78** |

Case Name: Hornbeck Offshore Services, Inc., et al.
Case Number:  20-32679 (DRJ)
Applicant's Name:  Jackson Walker LLP
Date of Application: July 17, 2020
Interim or Final:  Final

First and Final Fee Application - Trustee Exhibits(26343575.1)

## <u>EXHIBIT 4</u>

**Summary of Timekeepers Included in this Fee Application**

**EXHIBIT 4**
**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN FIRST INTERIM APPLICATION | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| Elizabeth C. Freeman | Partner | Bankruptcy | 12/17/1998 | $ 4,727.50 | 6.10 | $ 775.00 | N/A | N/A |
| Matthew D. Cavenaugh | Partner | Bankruptcy | 5/2/2008 | $ 7,425.00 | 9.90 | $ 750.00 | N/A | N/A |
| Jennifer F. Wertz | Partner | Bankruptcy | 11/4/2011 | $ 2,940.00 | 4.90 | $ 600.00 | N/A | N/A |
| Kristhy M. Peguero | Partner | Bankruptcy | 12/2/2016 | $ 28,117.50 | 48.90 | $ 575.00 | N/A | N/A |
| Vienna F. Anaya | Associate | Bankruptcy | 5/18/2016 | $ 357.00 | 0.70 | $ 510.00 | N/A | N/A |
| Veronica Polnick | Associate | Bankruptcy | 11/4/2011 | $ 4,896.00 | 9.60 | $ 510.00 | N/A | N/A |
| Victoria Argeroplos | Associate | Bankruptcy | 11/3/2017 | $ 2,536.50 | 5.70 | $ 445.00 | N/A | N/A |
| Cameron A. Second | Associate | Litigation | 11/3/2017 | $ 3,162.00 | 6.80 | $ 465.00 | N/A | N/A |
| Kendra Gradney | Legal Assistant | Bankruptcy | N/A | $ 3,015.50 | 16.30 | $ 185.00 | N/A | N/A |
| Daniela Trevino | Case Clerk | Bankruptcy | N/A | $ 4,305.00 | 24.60 | $ 175.00 | N/A | N/A |
| **Total** | | | | **$ 61,482.00** | **133.50** | | | |

Case Name: Hornbeck Offshore Services, Inc., et al.
Case Number:  20-32679 (DRJ)
Applicant's Name:  Jackson Walker LLP
Date of Application: July 17, 2020
Interim or Final: Final

## **EXHIBIT 5**

**Budget**

**EXHIBIT 5**
**BUDGET**

JW did not submit a budget for this case.

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | | |
| Asset Disposition | | |
| Assumption and Rejection of Leases and Contracts | | |
| Avoidance Action Analysis | | |
| Budgeting (Case) | | |
| Business Operations | | |
| Case Administration | | |
| Claims Administration and Objections | | |
| Corporate Governance and Board Matters | | |
| Employee Benefits and Pensions | | |
| Employment and Fee Applications | | |
| Employment and Fee Application Objections | | |
| Financing and Cash Collateral | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | |
| Meeting and Communications with Creditors | | |
| Non-Working Travel | | |
| Plan and Disclosure Statement | | |
| Real Estate | | |
| Relief from Stay and Adequate Protection | | |
| Reporting | | |
| Tax | | |
| Valuation | | |
| **Total** | | |

Case Name: Hornbeck Offshore Services, Inc., et al.
Case Number:  20-32679 (DRJ)
Applicant's Name:  Jackson Walker LLP
Date of Application: July 17, 2020
Interim or Final:  Final

**<u>EXHIBIT 6</u>**

**Summary of Compensation Requested by Project Category**

**EXHIBIT 6**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis and Recovery | | | 8.9 | $3,707.00 |
| Asset Disposition | | | | |
| Assumption and Rejection of Leases and Contracts | | | | |
| Avoidance Action Analysis | | | | |
| Budgeting (Case) | | | | |
| Business Operations | | | 8.3 | $3,500.50 |
| Case Administration | | | 70.6 | $33,554.50 |
| Claims Administration and Objections | | | | |
| Corporate Governance and Board Matters | | | | |
| Employee Benefits and Pensions | | | | |
| Employment and Fee Applications | | | 21.0 | $8,137.00 |
| Employment and Fee Application Objections | | | | |
| Financing and Cash Collateral | | | 0.7 | $125.50 |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | | | |
| Meeting and Communications with Creditors | | | 0.7 | $402.50 |
| Non-Working Travel | | | | |
| Plan and Disclosure Statement | | | 20.1 | $10,236.00 |
| Real Estate | | | | |
| Relief from Stay and Adequate Protection | | | | |
| Reporting | | | 3.2 | $1,819.00 |
| Tax | | | | |
| Valuation | | | | |
| **Total** | | | **133.5** | **$61,482.00** |

Case Name: Hornbeck Offshore Services, Inc., et al.
Case Number:  20-32679 (DRJ)
Applicant's Name:  Jackson Walker LLP
Date of Application: July 17, 2020
Interim or Final: Final